# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | |
|---|---|
| LAURA RABAGO, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §    CIVIL ACTION NO. G-04-141 |
| | § |
| THE UNIVERSITY OF TEXAS | § |
| MEDICAL BRANCH AT GALVESTON, | § |
| | § |
| Defendant. | § |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Laura Rabago ("Plaintiff") brings this action against Defendant University of Texas Medical Branch ("UTMB" or "Defendant") alleging that UTMB violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. and 42 U.S.C. § 1981, by discriminating on the basis of national origin and by retaliating against her.[1]  Now before the Court is Defendant's Motion for Summary Judgment and Plaintiff's Response thereto.  After careful thought and considerable deliberation, the Court concludes that Defendant's Motion must be **GRANTED** for the reasons articulated below.

I.  Background

Plaintiff began her employment with UTMB as a mail handler in 1984.  During her employment, she climbed the ranks and was eventually promoted by Roger Rogers and Robin Thompson to a position of Manager of Patient Accounts in February 1997.  As a Manager of Patient

---

[1]Defendant argues that Plaintiff has changed her claims based on her Response to the Motion for Summary Judgment.  A Response to a dispositive motion is not the procedure for amending claims, and the Court will consider those claims that are alleged in the live Complaint.

Accounts, Plaintiff's job duties included the management of 17 people who worked as a team to recover and track money owed to and paid by patients and insurers.

In November 2000, UTMB began documenting weaknesses in Plaintiff's performance in annual performance reports. These reports were prepared by Rogers, Plaintiff's immediate supervisor. In September 2001, Rogers emailed Plaintiff stating his disappointment with Plaintiff's team's quality and assurance. In November 2001, Rogers recorded Plaintiff's need to improve her productivity, organization, and dependability. In 2001, Plaintiff's employees gave her very low ratings. Plaintiff has admitted that "towards the end of the year, I would say 2001, towards 2002, like I said, I was having a hard time getting up for work and going to work. So, I was missing a lot of time and so, having absence or coming in later."

Starting in February 2002, Rogers began requiring Plaintiff to clock in and out because of her attendance problems. In that same month, Thompson offered Plaintiff a non-supervisory role, which she refused. On February 12, 2002, Plaintiff met with UTMB's Office of Equal Opportunity and Diversity. At that meeting, Plaintiff complained about her evaluations and pay. Later, she filled out a "Charge of Discrimination Form" alleging discrimination against her by Rogers. Rogers and Thompson learned of the charge on March 29, 2002.

In May 2002, Plaintiff was suspended for three days after Thompson received and investigated allegations that Plaintiff's team was misusing personnel time and long-distance resources. During the course of the investigation, Plaintiff admitted her failure to clock in and out. When problems with Plaintiff's performance persisted, Rogers discharged Plaintiff by letter dated November 20, 2002. After Plaintiff's departure, an inventory of her office revealed incomplete and neglected work. Plaintiff appealed her termination and was eventually reinstated in a non-supervisory capacity with reduced pay. Plaintiff subsequently filed Charges of Discrimination

alleging retaliation and discrimination on the basis of national origin with the Texas Commission

on Human Rights and the US Equal Employment Opportunity Commission.

II.  Legal Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving

party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986).  The party moving

for summary judgment bears the initial burden of "informing the district court of the basis for its

motion, and identifying those portions of [the record] which it believes demonstrate the absence of

a genuine issue of material fact."  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving

party must come forward with "specific facts showing there is a genuine issue for trial."  Fed. R. Civ.

P. 56(e), *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.

Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  The court must view all evidence in the light most

favorable to the non-movant.  *See, e.g., Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir.

2003), *cert. denied*, 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003).  If the evidence would

permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should

not be granted.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510,

91 L. Ed. 2d 202 (1986).

III.  Analysis

*A.  Plaintiff cannot make out a* prima facie *case of either discrimination on the basis of national origin or retaliation.*

Retaliation and discrimination claims are both governed by the burden-shifting framework

initially set out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.

Ct. 1817, 36 L. Ed. 2d 668 (1973), *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358 (5th Cir. 2004), and

*Roberson v. Alltel Information Services*, 373 F.3d 647 (5th Cir. 2004).  To succeed on either claim, Plaintiff must first establish a *prima facie* case of unlawful discrimination and/or retaliation.  *Id.*  If Plaintiff proves her *prima facie* case, the burden shifts to UTMB to articulate a legitimate, non-retaliatory or non-discriminatory reason for Plaintiff's demotion.  *Id.*  If UTMB is able to offer such, the burden shifts back to Plaintiff to prove that the articulated reason is mere pretext for unlawful retaliation or discrimination.  *Id.*

**1.  Retaliation**

To establish a *prima facie* case for unlawful retaliation, Plaintiff must prove that: (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) there is a causal link between the protected activity and the adverse employment action.  *Long v. Eastfield Coll.*, 88 F.3d 300 (5th Cir. 1996).  Plaintiff fails to meet the first and third requirements as articulated above.

According to Title VII, an employee has engaged in protected activity if he has "opposed any practice made an unlawful employment practice by this subchapter" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).  Plaintiff cites her Charge of Discrimination filed with UTMB accusing Rogers of discrimination as the protected activity forming the basis for her retaliation claim. Plaintiff need not prove that Defendant's actions were unlawful, but that she had a "reasonable belief that the employer was engaged in unlawful employment practices." *Payne v. McLemore's Wholesale and Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. 1981); *see Mattson v. Caterpillar, Inc.*, 359 F.3d 885, 890-91 (7th Cir. 2004).

Any belief that Defendant was engaging in unlawful employment practices was simply unreasonable.  Any negative treatment in Plaintiff's evaluations or failure to increase her pay as

described in her letter attached to her Claim was fully supported by documented deficiencies. Moreover, Plaintiff admitted in her deposition that the only reason Rogers did not give her a raise is because she had an "attitude." When asked if there was any other possible reason, she answered in the negative. Plaintiff's own testimony and evidence of poor performance in conjunction with the glaring absence of any evidence of discrimination makes Plaintiff's claim of discrimination unreasonable. Thus, the report of discrimination was not protected activity under Title VII, and Plaintiff is unable to prove the first element of her *prima facie* retaliation case.

Additionally, Plaintiff cannot prove a causal connection between her report of discrimination and her subsequent demotion. In fact, Plaintiff has admitted under oath that she had attendance and tardiness problems prior to her Charge of Discrimination. She has presented absolutely **no** evidence that her report of discrimination was a cause of her demotion other than the fact that one followed the other. Simply asserting causation is not enough. There must be more. Since no more has been alleged, Plaintiff, as a matter of law, cannot prove the third element of her *prima facie* case.

## 2. Discrimination

To establish a *prima facie* case of discrimination based on national origin, Plaintiff must establish that she (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class. *See Bryan*, 375 F.3d at 360. Plaintiff cannot meet the second prong as outlined above. UTMB also argues that Plaintiff cannot prove the first or fourth prongs. The Court does not make any judgment as to those prongs, and none is required for disposition of this case.

Plaintiff simply cannot prove that she was qualified for the position in which she was employed. In fact, all evidence and Plaintiff's own admissions are to the contrary. Specifically, Plaintiff has admitted that she was having a hard time getting up for work. In any industry or

profession, a manager must be dependable in his or her attendance. Showing up is the most basic requirement of any job, and an inability to do so makes an employee unqualified. In this case, there is additional evidence that Plaintiff's employees did not respect her and were not meeting the requirements of the team. This evidence, along with the discovery of neglected work after Plaintiff's departure, is enough for the Court to conclude that Plaintiff was not qualified and is unable to meet the second prong of her *prima facie* case of discrimination.

*B. Plaintiff cannot show that UTMB's legitimate non-retaliatory and non-discriminatory reasons for terminating her were mere pretext.*

Even if Plaintiff could prove a *prima facie* case, her claims would still fail because she cannot prove that UTMB's articulated, legitimate, non-retaliatory, and non-discriminatory reasons for demotion were mere pretext. In the instant case, Plaintiff admits that she had difficulty getting to work on time and had many unexcused absences. Thus, UTMB's articulated legitimate reasons are uncontested. Without any evidence that the aforementioned reasons were mere pretext for unlawful retaliation or discrimination, other that Plaintiff's own conclusory statements, Plaintiff cannot raise a genuine issue of material fact as to her claims.

IV.  Conclusion

Accordingly, and for the reasons outlined above, Defendant's Motion for Summary Judgment is **GRANTED**. All of Plaintiff's claims in this case are **DISMISSED WITH PREJUDICE**. A Final Judgment will be entered contemporaneously with this Order. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 15th day of November 2005, at Galveston, Texas.


Samuel B. Kent
United States District Judge